The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASSANDRA VALLIANOS, STACEY KARNEY, and MIKE BARNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD SCHULTZ,<br><br>Defendant. | CASE NO. 2:19-cv-00464-JCC<br><br>**JOINT MOTION TO EXTEND CLASS CERTIFICATION DEADLINE** |

Plaintiffs Cassandra Vallianos, Stacey Karney, and Mike Barnes and Defendant Howard Schultz jointly request an extension of the motion for class certification deadline of February 17, 2020 to allow the parties to continue taking discovery relevant to class certification and resolve a discovery dispute prior to the class certification deadline.

Plaintiffs began requesting dates for Defendant's deposition on December 9, 2019. On January 22, 2020, pursuant to the parties' agreement, Defendant provided his written responses and objections to Plaintiffs' first sets of document requests, interrogatories, and requests for admission. Non-party 1560 LLC ("1560") produced documents in response to Plaintiffs' subpoena on January 31, 2020. Based on 1560's production and the fact that Defendant's own

Joint Motion to Extend Motion for Class Certification Deadline
Case No. 2:19-cv-00464-JCC

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1

sworn interrogatory responses confirmed that "prior to this lawsuit, he had no knowledge that any text messages were sent," on February 3, 2020, Defendant's counsel advised for the first time that Defendant intends to seek a protective order shielding him from a deposition in this action. Plaintiffs intend to oppose Defendant's motion for protective order, and seek Defendant's deposition prior to moving for class certification because Plaintiff contends that whether or not Defendant knew that the text messages were sent prior to this lawsuit is not outcome determinative as to his potential vicarious liability for texts sent by 1560 if 1560 was acting within the scope of authority Defendant provided it.  Notably, the parties are in agreement on deposition dates for 1560's corporate designee.

The parties do not seek the requested extension for purposes of delay, but rather to enable the parties to thoroughly investigate the claims at issue prior to moving for class certification.

THEREFORE, the parties respectfully request that the Court extend the time for Plaintiffs to move for class certification to 30 days after resolution of the parties' discovery dispute, or other such date as the Court may find appropriate.

Dated: February 7, 2020

s/ Eric R. Draluck
Eric R. Draluck (WSBA No. 19881)
PO Box 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
edraluck@gmail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com

Joint Motion to Extend Motion for Class Certification Deadline
Case No. 2:19-cv-00464-JCC

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

2

KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiffs and the putative Classes*

*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED: February 7, 2020

*s/ Eric R. Draluck*
Eric R. Draluck

Joint Motion to Extend Motion for Class Certification Deadline
Case No. 2:19-cv-00464-JCC

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424